# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**JOHN W. McKENZIE,**

      **Petitioner,**

v.                                      **Civil Action No. 5:22-CV-123**
                                                             Judge Bailey

**R. WOLFE,** Warden,

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On May 13, 2022, the petitioner, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging prison disciplinary proceedings. [Doc. 1]. On July 18, 2022, respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. [Doc. 16]. On August 1, 2022, petitioner filed a response to the Motion. [Doc. 20]. On August 15, 2022, respondent filed a reply. [Doc. 21]. The Motion is now fully briefed and ripe for decision. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgement be granted.

## II. <u>Factual and Procedural History</u>

In his petition, petitioner challenges the validity of a Disciplinary Hearing Officer ("DHO") hearing that occurred while petitioner was incarcerated at FCI Fort Dix in New Jersey. As summarized in the DHO report attached to the petition, on June 28, 2021, inmate Freddie Walker Jr. was physically assaulted while in a first floor bathroom; after the incident, Walker identified petitioner and another inmate, Kevin Saunders, as the assailants. Walker was transported to the local hospital for treatment. On August 29, 2021, petitioner was provided with an Incident Report which gave notice of the charge of assaulting without serious injury. A DHO hearing was held on September 28, 2021. Because there was no staff available to escort inmate witnesses, another inmate, Anthony Carter, submitted written testimony that he was the one who found the victim but had not seen petitioner on the first floor that morning. The DHO found that the act was committed as charged; in his findings, the DHO noted that he has considered CCTV footage and found that it "confirms [petitioner's unit] arriving to the commissary at 1:49 pm on June 28, 2021, which directly disputes [petitioner's] claim of being at commissary during the assault that was reported to the Unit-E officer at approximately 1:20 pm." [Doc. 1-9 at 4].

Petitioner's only claim in his petition is that falsified information was utilized to find him guilty of the offense. [Doc. 1 at 5]. In his memorandum in support, petitioner asserts numerous facts he contends disprove the DHO's findings and argues that the cameras in and around the commissary be viewed to support his story; that the DHO was not impartial and was biased against him; and that he was not permitted to call witnesses on his behalf. For relief, petitioner asks that this Court removed from his institutional record and that his good time credits and custody level points be restored to their previous levels.

On July 18, 2022, respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. In his memorandum in support, respondent argues, first, that petitioner has failed to exhaust his administrative remedies and, second, that petitioner received all the rights afforded to him in a prison disciplinary hearing under **Wolff v. McDonnell**, 418 U.S. 539 (1974).

### III. Legal Standard

#### A. Motion to Dismiss for Failure to State a Claim

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

**B. Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*.*" **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary

4

judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323–25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  **Anderson**, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. Discussion

### A. Exhaustion of Administrative remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."  **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004) (citing **Carmona v. United States Bureau of Prisons**, 243 F.3d 629, 634-35 (2d Cir.2001), **Little v. Hopkins**, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  **Booth v. Churner**, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  **Porter v. Nussle**, 534 U.S. 516, 524 (2002) (citing **Booth**, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  **Porter**, 534 U.S. at 524.

Pursuant to *McClung*, failure to exhaust may only be excused upon a showing of cause and prejudice. As recognized in *Carmona*, *supra*, which was cited by the Fourth Circuit in its opinion in *McClung*:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

*Carmona*, 243 F.3d at 634 (internal citations omitted).

In petitioner's memorandum in support of his petition, petitioner claims that after the DHO hearing, he began filing administrative remedies challenging the decision, but that before he could complete all of the required remedies, he was transferred to another institution. [Doc. 1-1 at 1]. He contends that he was "placed in transit in the middle of exhausting his Administrative Remedies thereby causing him to be time barred and/or out of time to continue such remedies." [Id. at 7]. He asks that this Court "waive the remaining two (2) remedies." [Id. at 2]. However, as illustrated in respondent's exhibits attached to his memorandum, petitioner has not filed any administrative remedies during his incarceration. [Doc. 17-1 at 1]. In his response, petitioner contends that between his transit to a new facility and placement in quarantine, "it would be virtually IMPOSSIBLE to request an extension of time to file anything" because he was without his personal property. [Doc. 20 at 2]. In his reply, respondent argues that even if petitioner did not

6

have access to his personal property, he could have requested an extension to file administrative remedies after the fact. [Doc. 21 at 2]. The undersigned finds that petitioner has not made a showing of cause and prejudice, and the petition should be dismissed for failure to exhaust administrative remedies. However, even if the failure to exhaust administrative remedies is excused, the petition is still subject to dismissal.

**B. Disciplinary Hearings**

The petition is subject to dismissal because petitioner received all the due process safeguards afforded to him under **Wolff v. McDonnell**, 418 U.S. 539 (1974). The Supreme Court has identified the following due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; and (5) the decision-maker must be impartial. **Wolff v. McDonnell**, 418 U.S. 539, 564–571 (1974).

Several of the requirements are not in dispute in this case: petitioner received written notice well in advance of his appearance before the disciplinary board, the DHO made a written statement describing the evidence relied upon and reasons for disciplinary actions, and there is no allegation that the hearing involved a complex matter requiring a non-attorney representative. Instead, petitioner asserts that he was not allowed to call

witnesses and that the decision maker was not impartial. Petitioner alleges that witnesses were not allowed because of a lack of escort and that video footage and documents were withheld. [Doc. 1-1 at 6]. However, as documented in the DHO report, witnesses were able to submit written testimony which was read aloud at the hearing, and the hearing officer reviewed CCTV video footage in reaching his decision. [Doc. 1-9 at 2–3]. Further, as respondent points out, petitioner did not challenge the absence of the witness during the hearing. Petitioner does not specify what documents he contends were withheld, and the DHO report shows that the officer considered a number of exhibits in reaching his decision. The DHO's findings were supported by "some evidence in the record" as required by **Superintendent, Massachusetts Corr. Inst., Walpole v. Hill**, 472 U.S. 445, 454 (1985). Under **Hill**, "[a]scertaining whether the 'some evidence' standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is **any evidence** in the record to support the disciplinary board's conclusion." Syl. Pt. 2, **Hill** 472 U.S. 445 (1985) (emphasis added). That standard is clearly met here.

Regarding petitioner's allegation that the DHO was biased against him, 28 C.F.R. § 541.8 requires that the DHO: "will be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. § 541.8. It is undisputed that the DHO was not a victim, witness, investigator, or otherwise significantly involved in the incident; rather, petitioner alleges the officer made several statements in the hearing that demonstrate bias, including that the victim "went to the hospital, so you're guilty;" "I don't care;" and "I'm going on Auto-Pilot." [Doc. 1-1 at 4–5]. An inmate has a right to an impartial decision-maker in a disciplinary action. **Wolff**, 418

U.S. at 571. However, "[t]he degree of impartiality required of prison officials does not rise to the level of that required of judges generally." ***Allen v. Cuomo***, 100 F.3d 253, 259 (2d Cir. 1996). As summarized by Magistrate Judge Eifert in the Southern District,

> "While a 'fair trial in a fair tribunal is a basic requirement of due process,' not all claims of bias rise to a constitutional level.'" ***Rowsey v. Lee***, 327 F.3d 335, 341 (4th Cir. 2003) (quoting ***Withrow v. Larkin***, 421 U.S. 35, 46 (1975)). "In order to prevail in a deprivation of due process claim, a defendant must show a level of bias that made 'fair judgment impossible.'" ***Id***. (quoting ***Liteky v. United States***, 510 U.S. 540, 555 (1994). Government officials, including prison hearing officers, are "presumed to act in good faith." ***Worrell v. Deboo***, No. CIV.A. 5:07CV90, 2009 WL 1423923, at *3 (N.D.W. Va. May 20, 2009) (quoting ***Bridge v. United States Parole Comm'n***, 981 F.2d 97, 106 (3d Cir. 1992)). Disciplinary hearing officers are "entitled to a presumption of honesty and integrity," and "the constitutional standard for impermissible bias is high." ***Piggie v. Cotton***, 342 F.3d 660, 666 (7th Cir. 2003). Accordingly, "prisoners' claims of bias and retaliation are to be viewed with skepticism." ***Wheeler v. Perdue***, No. 1:14CV36, 2015 WL 366412, at *8 (N.D.W. Va. Jan. 27, 2015) (citing ***Cochran v. Morris***, 73 F.3d 1310, 1317 (4th Cir. 1996)). For this court to find DHO Mullins was biased against Allen, "there must be some substantial countervailing reason to conclude that [he was] actually biased with respect to factual issues being adjudicated." ***Gwinn v. Awmiller***, 354 F.3d 1211, 1220 (10th Cir. 2004).

***Allen v. Young***, No. 5:18-CV-01463, 2020 WL 2477939, at *14 (S.D. W.Va. Mar. 2, 2020) (Eifert, M.J.), *report and recommendation adopted*, No. 5:18-CV-01463, 2020 WL 2475902 (S.D.W. Va. May 13, 2020), *aff'd*, 827 F. App'x 354 (4th Cir. 2020). The undersigned agrees that the alleged statements are not, on their own, a "substantial countervailing reason" to show actual bias.

### V. Recommendation

For the foregoing reasons, it is hereby recommended that the Motion to Dismiss or in the Alternative, Motion for Summary Judgment. [**Doc. 16**] be **GRANTED**, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

9

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: August 18, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE