IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JOHN W. McKENZIE**

    Petitioner,

v.              **CIVIL ACTION No. 5:22-CV-123**
                Judge Bailey

**R. WOLFE,** Warden,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 22]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on August 18, 2022, wherein he recommends that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 16] be granted, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections [Doc. 24] on August 31, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

**A.     Objections to R&R**

Petitioner raises two (2) objections to the R&R. First, petitioner argues that while he was being transferred to FCI Gilmer, he did not possess his personal property and was

unable to timely file his documents with the Central and/or Regional offices. See [Doc. 24 at 1–2]. Moreover, petitioner states after he was at FCI Gilmer, he was placed in COVID-19 quarantine for several months and was till unable to recover his property. See [Id. at 2]. He states that due to "no fault of" his own, except the fact that he sat in the Special Housing Unit and being transferred from one institution to another, he had no opportunity to request any form of relief. See [Id.].

Second, petitioner states that for a D.H.O hearing officer to be and/or state comments that demonstrate bias during a hearing cannot be viewed as impartiality. See [Id. at 3–5]. Petitioner also asserts that he was not permitted to call witnesses on his behalf. See [Id. at 4].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

In his objections, petitioner re-asserts much of what he argues in his petition. The Court has conducted a de novo review only as to the portions of the R&R to which petitioner objected. The remaining portions of the R&R to which petitioner has not objected have been reviewed for clear error.

The Court finds that the issues raised by petitioner in his objections were thoroughly considered by Magistrate Judge Mazzone in said R&R. The Court is of the opinion that Magistrate Judge Mazzone's R&R accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, petitioner's objections **[Doc. 24]** are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation **[Doc. 22]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 16]** is **GRANTED** and petitioner's Petition for Habeas Corpus Pursuant to § 28 U.S.C. 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: September 1, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE